IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3136-F

EDDIE GAMBLE, SR.,

          Plaintiff,

v.

DR. JUDE O. ONUOHA,

          Defendant.

**ORDER**

This matter is before the court upon several motions filed by Plaintiff [DE-25, 27, 31, 33, 47, 59, 64, 65, 68, 75][1] and Defendant's motion to dismiss, or in the alternative for summary judgment ("motion for summary judgment") [DE-36]. For the following reasons, Plaintiff's motions [DE-25, 27, 31, 33, 47, 59, 64, 65, 68, 75] are DENIED, Defendant's motion for summary judgment [DE-36] is ALLOWED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On May 30, 2013, Plaintiff, a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Plaintiff asserts that Defendant was deliberately indifferent to his serious medical needs. Compl. [DE-1], pp. 3-4. Specifically, Plaintiff contends that Defendant "prescribed the wrong medications... [and] failed to treat the damage that was caused by" this improper treatment.

---

[1] With regard to several of these motions, either the relief requested by Plaintiff is unclear or the argument in support of the relief is nonsensical. For example, in his December 18, 2014 "motion for proof of evidence", Plaintiff states that he has "not over used his exast of his reminence." Mot. [DE-59], p. 1.

Id. at p. 3. The court determined that Plaintiff's complaint survived frivolity review on March 24, 2014 [DE-19]. In doing so, the court denied four separate motions [DE-7, 9, 10, 11] for the appointment of counsel filed by Plaintiff. March 24, 2014 Order [DE-19], p. 2.

Defendant filed the instant motion for summary judgment [DE-36] on July 7, 2014. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadlines [DE-39]. Plaintiff has filed numerous documents in response to this motion [DE-42-46, 48-55, 60-63, 66, 67, 69-74].[2] In addition, as noted above, Plaintiff has filed numerous pro se motions [DE-25, 27, 31, 33, 47, 59, 64, 65, 68, 75]. These matters are now ripe for adjudication.

## II. ANALYSIS

### A. Motions for counsel

This court has already denied four separate requests for the appointment of counsel filed by Plaintiff. [DE-7, 9, 10, 11]. March 24, 2014 Order [DE-19], p. 2. Plaintiff has since filed five additional requests for the appointment of counsel [DE-25, 27, 31, 47, 65]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S.

---

[2] Plaintiff's filings, while voluminous, are unhelpful. For example, Plaintiff has filed numerous documents without explaining how said documents support his claims or rebut Defendant's arguments. Many of these documents include Plaintiff's often illegible handwritten notes. To the extent his handwriting is legible, his assertions are rambling and disjointed.

Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Finally, Plaintiff has not forwarded any additional evidence or argument to distinguish the instant motion from his prior requests for the appointment of counsel [DE-7, 9, 10, 11]. Therefore, Plaintiff's motions to appoint counsel [DE-25, 27, 31, 47, 65] are DENIED.

**B.      Motion for Summary Judgment**

As noted above, Defendant has filed a motion to dismiss or in the alternative for summary judgment. He has submitted materials beyond the pleadings in support of that motion. When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) of the Federal Rules of Civil Procedure may occur; the court "'does not have an obligation to notify parties of the obvious.'" Sager v. Hous. Comm'n of Anne Arundel Cnty., 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998)). Therefore, Defendant's motion shall be treated as a motion for summary judgment. See Tsai v. Maryland Aviation, 306 F. App'x 1, 4-5 (4th Cir. 2008) (unpublished decision) (citing Laughlin, 149 F.3d at 260-61 (4th Cir. 2003)). Plaintiff has been notified about the motion for summary judgment and the consequences of failing to respond. [DE-39].

Summary judgment is appropriate when there exists no genuine issue of material fact, and

3

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted). To demonstrate that there is a genuine issue of material fact, a plaintiff may not simply proffer "'the mere existence of *some* alleged factual dispute between the parties[.]'" Young v. United Parcel Service, Inc., 707 F.3d 437, 443 (4th Cir. 2013) (quoting Anderson, 477 U.S. at 247)).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-50 (citations omitted). "Conclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Likewise, a court should not find the existence of a genuine issue of material fact based upon the uncorroborated and self-serving testimony or assertions of a party. See Harris v. Home Sales Co., 2012 WL 6217613, at *8 (4th Cir. Dec. 14, 2012) (unpublished

decision) (citing Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004)).

Defendant argues that Plaintiff has failed to exhaust his available administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. See Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (unpublished decision). The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the regional response, he may file an appeal with the National Appeals Administrator at the BOP's Central Office, in

Washington, D.C. 28 C.F.R. §§ 542.13-15. The Central Office appeal is the final level of administrative review in the BOP's administrative remedy process. Id. If an inmate's submission is rejected, then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17. An inmate must complete all stages of the administrative remedy process before the process is considered properly exhausted. Woodford, 548 U.S. at 90-91; Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir. 1997). Likewise, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90. Finally, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him are no longer available. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff has not exhausted his administrative remedies because he has not completed the fourth step of the BOP's remedy procedure. Specifically, "[s]ince receiving the BOP's [regional] response, [Plaintiff] has not filed a[n] . . . appeal [with the National Appeals Administrator at the BOP's Central Office]." Coll. Aff. [DE-38] ¶ 13. Moreover, Plaintiff's filings, while voluminous, fail to allege specific facts showing that there is a genuine issue for trial. Therefore, Defendant is entitled to summary judgment.

### III. CONCLUSION

For the aforementioned reasons: 1) Plaintiff's motions to appoint counsel [DE-25, 27, 31, 47, 65] are DENIED; 2) Defendant's motion for summary judgment [DE-36] is ALLOWED; and 3) Plaintiff's remaining motions [DE-33, 59, 64, 68, 75] are DENIED AS MOOT. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 19 day of February, 2015.

                    *James C. Fox*
                    JAMES C. FOX
                    Senior United States District Judge